Swanton *v.* Crooker.

JOHN B. SWANTON & *al.*, *pet'rs for partition*, *versus*
JAMES A. CROOKER.

Where an entire estate was appraised, set out by metes and bounds, and levied
upon as the property of the debtor in an execution, who was owner of only
an undivided portion of it, the levy was held valid to transfer the debtor's
title to his undivided part, it being a less estate than that mentioned by the
appraisers.

EXCEPTIONS from the ruling of MAY, J., at *Nisi Prius.*
THIS was a PETITION FOR PARTITION of certain premises
in West Bath. In the petition, Charles Crooker and per-
sons unknown were named as co-tenants. The respondent,
James A. Crooker, claiming to be sole seized of the prem-
ises, subsequently appeared and was allowed to defend.

The presiding Judge instructed the jury "that, upon the
paper evidence in the case, the petitioners appeared to be
seized in fee of an undivided half part of the premises de-
scribed in their petition, and, there being no other evidence
in the case, they would be warranted in finding that the pe-
titioners were so seized."

The verdict was for the petitioners; and the respondent
excepted.

*Tallman* and *J. Smith*, for the petitioners.

*Gilbert*, for the respondent.

Wilder, the execution debtor, held an undivided half of
the estate, as appears by the deeds of Woodbury to Charles
and Wm. D. Crooker, and of Charles Crooker to the debtor.

The petitioners levied upon the whole by metes and
bounds, as the debtor's estate. This is bad. R. S., c. 76,
§ 7; *Stanniford* v. *Fullerton*, 18 Maine, 229; *Merrill* v.
*Burbank*, 23 Maine, 538; *Rawson* v. *Lowell*, 34 Maine,
201; *Howe* v. *Wildes*, 34 Maine, 566.

The opinion of the Court was drawn up by

RICE, J. — The petitioners claim to be seized in fee of one

undivided half of the estate described in their petition, by virtue of a levy against one Thomas D. Wilder. It is conceded that, at the date of the original attachment on the writ, on which judgment was obtained by the petitioners against Wilder, the title to that portion of the estate which they now desire to have assigned to them in severalty, was in him. Nor is it denied that the attachment was preserved until the levy was made.

The title of the tenant to the other half of the estate is not contested.

The levy was made upon the whole estate, as the sole property of Wilder, and not on one undivided portion thereof.

The practical question presented for decision is, whether a levy thus made upon an entire estate, can be sustained as valid to transfer the debtor's title to an undivided portion thereof.

Section 3 of c. 76, R. S., provides that the appraisers are, in a return made and signed by them on the back of the execution, to state the nature of the estate and its value, and whether it is in severalty or in common, a fee simple or a less estate, in possession, reversion, or remainder, and describe it by metes and bounds, or in such other manner that it may be distinctly known and identified.

Section 7, of the same chapter, provides that the whole or a part of an estate held in joint tenancy or in common, may be taken and held in common, but the whole estate must be described, and the share of it owned by the debtor must be stated.

The 6th section provides that estates tail are to be taken, appraised and held as estates in fee simple. All the debtor's interest in the premises will pass by a levy, unless it is larger than the estate mentioned in the appraisers' return.

The estate levied upon was described in the certificate of the appraisers "as the property of Thomas D. Wilder, the debtor, and held by him in fee simple." It was appraised and set out by metes and bounds.

The *interest* of the debtor in the estate is thus manifestly inaccurately described, he having title to an undivided half only, and not to the whole.

It has been decided that a levy, setting out by metes and bounds a part of a tract of land, holden by the debtor as tenant in common with others, is void as against a co-tenant and his grantor. *Stanniford* v. *Fullerton*, 18 Maine, 229; *Rawson* v. *Lowell*, 34 Maine, 201.

So, too, when the debtor is sole owner of a parcel of land, a levy on an undivided portion thereof is irregular and void. *Merrill* v. *Burbank*, 23 Maine, 538.

But the case at bar differs from both of the above. The creditor levied upon the entire estate as the sole property of the debtor, when in fact the debtor was seized of one undivided half only. He does not take less than the debtor's interest in the land, nor carve out, from an estate held in common, a particular portion to be held in severalty, but includes in his levy *all* of the debtor's interest, together with the interest of his co-tenant.

In the case of *Atkins* v. *Bean & al.*, 14 Mass., 403, which, in principle, is like the one at bar, the Court says, — "The levy upon the debtor's undivided estate in common is good and the estate sufficiently described. The error in the proportion owned by the debtor produces no mischief, as it comprehends the whole of his interest. The levy is good for an eighth, although it purports to be of a seventh. The mistake prejudiced no one but the creditor; and, perhaps, he would have his remedy by showing that part of his set-off did not belong to his debtor. If one conveys by deed more land than he owns, the deed is good for what he does own. So, if an execution be levied upon one hundred acres, and the debtor have a title but to fifty, the levy is good for the fifty, and the same reason applies where a similar mistake occurs in levying upon the estate of a tenant in common. The cases cited only show that the debtor's interest in an estate, holden jointly or in common with others, cannot be

set off in any particular part of the common estate. Here more than his interest in the whole was set off."

The reasoning in the above case is sound and should prevail unless the provisions of our statute preclude it. Must the creditor see to it that the appraisers describe the debtor's interest in the estate with entire accuracy, on peril of loss of his levy, if there be the slightest error in the description? Or, if the interest described by the appraisers, and taken by the levy, is greater than the debtor's true interest in the estate, is the creditor protected by the provisions of § 6, c. 76, cited above?

In the case of *Howe* v. *Wildes*, 34 Maine, 566, the levy was upon the entire estate, such being the debtor's apparent interest in the land as it appeared on the record. But, in truth, his interest was only a life estate in seven-twelfths thereof, being less both in quantity and quality than described by the appraisers.

The Court, in their opinion in that case, say,—"The provisions of § 11, c. 94, R. S., (1841,) apply when the debtor's apparent or known title extends only to an undivided part or portion of the estate. In such case it is necessary that the whole estate should be described by the appraisers and the debtor's share or part thereof stated by them."

The implication is very strong, that the levy in that case would have been held bad if the record had disclosed the debtor's true title. That case was undoubtedly decided correctly. But, on further consideration, we have come to the conclusion that the implication which the language used would authorize, if not require, and which was unnecessary for the decision of that case, should not be sustained. On the contrary, that the language in the 6th section ("all the debtor's interest in the premises will pass by the levy, unless it is larger than the estate mentioned in the appraisers' return,") must apply in all cases where the "nature of the estate" is stated by the appraisers in their return, unless the estate taken is greater than that mentioned in their certificate, or the levy is so made as to be prejudicial to the rights

of the co-tenants. Here the debtor's interest in the premises is less than the interest described by the appraisers; the debtor, therefore, has no cause of complaint. It does not injuriously affect the rights of the co-tenant, but leaves him a tenant in common in the whole estate with the petitioners instead of the debtor. The only party who has suffered, by the mistake of the appraisers in describing the "nature of the estate" taken, are the petitioners. Whether they can obtain relief for a loss of that portion of the estate "taken" by the levy which was not the property of the debtor, and to which they acquire no title by the levy, it is not now necessary to inquire.

If it should be contended that the latter clause of § 6 refers only to cases referred to in the first clause of the same section, the answer is, that such construction is too limited. The word *premises* must be construed to apply to the estate taken, whatever may be its nature; and it will pass by the levy, that being correct in other respects, unless it is larger than the estate mentioned in the appraisers' return. The estate in this case having been substantially described as the sole property of the debtor, his interest therein passed by the levy, that interest being less than that mentioned by the appraisers. *Exceptions overruled.*

TENNEY, C. J., CUTTING, GOODENOW and WALTON, JJ., concurred.